## William D. Carter et al. v. N. L. Daizy, Executor.

1. Judgment by default: appearance or entry of appearance not necessary. — A judgment by default can legally be taken against a defendant, who has been duly and properly served with process, without an appearance or entry in the record of appearance to the action.

2. Process: return "delivering a copy to the defendant in person" sufficient. — The service of process by delivering a copy thereof to the defendant in person by the proper officer, is good personal service within the true intent and meaning of the statute.

Error to the Circuit Court of Tippah county. Hon. A. M. Clayton, judge.

William D. Carter et al. *v.* N. L. Daizy, Executor.

Action on a promissory note by M. Duncan and N. L. Daizy, executors of N. A. Daizy, against plaintiffs in error and O. R. Miller, brought to March Term, 1861. Process returned, executed on defendants (naming them), by delivering them true copies of this writ. Pleas filed at the September Term, 1861, by William D. Carter. At the September Term, 1866, death of Duncan suggested, and order of revivor in name of N. L. Daizy, surviving executor; death of O. R. Miller, and suit abates as to him, "and the other defendants, Carter & Persons, by attorney, withdraw their plea, and say nothing further in bar of this action. It is therefore considered by the court, that plaintiff recover of defendants, Carter & Persons, the sum of," etc.

Writ of error by Carter and Persons. The errors assigned are stated in the opinion of the court.

*W. P. Harris, Tucker & Green,* for plaintiffs in error.

1. That the return of process upon Persons was insufficient, and not waived by plea. That the insufficiency of the service as to Persons was available to Carter, and could be taken advantage of by him. *Pounds* v. *Gartman,* 29 Miss. 133.

2. The statute provides "that original process be served personally on the defendant, if to be found, and a true copy delivered to him," contemplating and requiring that the original be served personally, and a copy delivered.

3. The judgment should have been a judgment by default, and that default ascertained and proclaimed, "The defendant being solemnly called, came not, but, etc." An actual default must be recited, and before that can be done, it must be *ascertained.*

*F. Anderson* for defendant in error.

1. That the service was sufficient.

2. That a recital that the defendant was called, was not necessary. He was summoned to answer the cause of action, and his failure to plead or demur was evidence of the default.

PEYTON, J., delivered the opinion of the court.

In this case it appears that M. Duncan and N. L. Daizy, exececutors of the last will and testament of N. A. Daizy, deceased, instituted suit on the 20th day of February, 1861, in the Circuit Court of Tippah county, against William D. Carter, Oliver R. Miller, and William Persons, on their writing obligatory for the sum of $452.50; and that process was returned to the March Term of said court, executed by the sheriff as follows: "Executed on Oliver R. Miller and William Persons, by giving them true copies of this writ. Executed on Dr. William D. Carter, by giving him a true copy of this writ."

The defendant, William D. Carter, appeared by his attorney, and pleaded two special pleas in bar of the action, upon which issues in fact were joined; and at the September Term of said court the following entry was made: "On this 10th day of September, 1866, comes the plaintiff by attorney, and the death of M. Duncan, one of the plaintiffs, being suggested, it is ordered by the court that this suit abate as to him, and proceed in the name of N. L. Daizy, the surviving plaintiff. The death of O. R. Miller also being suggested, it is ordered that this suit abate as to him, and the other defendants, Carter and Persons, by attorney, withdraw their plea, and say nothing in bar of plaintiff's action. It is therefore considered by the court that the plaintiff recover of the defendants, W. D. Carter and William Persons, the sum of four hundred and fifty-two dollars and fifty cents, the debt in the plaintiff's complaint mentioned with the further sum of one hundred and fifty-seven dollars and sixty-two cents, damages sustained by reason of the detention of said debt; also the costs in this behalf expended, and that execution issue."

From this judgment the plaintiffs in error prosecute this writ of error, and make the following assignments of errors: "1. The court erred in rendering judgment *nil dicit*, when there was no appearance or plea of one of the defendants, and no default ascertained and proclaimed. 2. The judgment as to one of the parties being without service of process as the stat-

ute requires, and without appearance or plea, is erroneous as to both defendants."

The first assignment of error presents the question, whether a judgment by default can legally be taken against a defendant who had been duly and properly served with process, without an appearance or entry in the record of his appearance to the action. In England, the judgment by default is either by *nil dicit* or *non sum informatus*. The one is where the defendant has been legally served with process, and appears and says nothing in bar or preclusion of the plaintiff's action. The other is where the defendant appears by attorney, but the attorney says that he is not informed by the defendant of any answer to be given to the action. These contemplate an actual appearance of the defendant, either in person or by attorney. This is believed to have been the practice in that country, until it was changed by statute, which authorized the plaintiff, upon affidavit of personal service of process upon the defendant, to enter an appearance for him, and proceed thereon as if the defendant had duly appeared himself.

It has been the practice in this State for the plaintiff to take judgment by default against the defendant without the entry of his appearance in any way, where it shall appear to the court that process has been duly served upon him. This gives the court jurisdiction of the person of the defendant, and there is no good reason why judgment should not be rendered against him by default upon his failure to appear to the action.

This practice is in accordance with the statute and the adjudication of this court. Rev. Code, 503, art. 150, *Gwin* v. *Williams*, 27 Miss. 332. In that case the court says: "As to the appearance, it may be shown, either by an entry made on the record under the sanction of the court, or by the plea of the defendant. It is manifest that the appearance of the defendant is not to be shown only by his plea; for he may appear and decline to plead, in which case the judgment is not one of default, but on appearance, and *nil dicit.*" This clearly implies that, had there been no appearance, the judgment would have been one of default, and distinguishes this kind of judgment

by default for non-appearance, from those judgments by default after appearance, either in person or by attorney, by *nil dicit* or *non sum informatus*.

The second assignment of error brings in question the sufficiency of the service of the process upon William Persons.

The service of process, by delivering a copy thereof to the defendant in person by the sheriff or other proper officer, is, we think, good personal service within the true intent and meaning of the law. The object of the statute is to give the defendant the most certain and explicit notice, in proper time, by the proper officer, of the pendency of the suit against him, of which the case is susceptible, so that he may have an opportunity to make defence, should he think proper to do so.

The service of process is either actual or constructive. Actual service is effected by leaving a copy of the process by the proper officer with the defendant in person. This gives him personal notice in writing, which is the most certain and specific mode of giving notice, to appear before the court at a certain time and place therein specified, to answer the action of the plaintiff. Constructive notice is effected when the defendant cannot be found, by leaving a copy of the process at his usual place of abode, with his wife or some free white person above the age of sixteen years, then and there being one of his family, or by leaving such copy at some public place, at the dwelling house or place of residence of the defendant, he being not found, and no such free white person being there willing to receive the same. This copy, thus left for the defendant in his absence, may possibly never be received or seen by him, and yet the service will be good. And it cannot, with reason, be said that service by copy not personal shall be good, and yet personal service by copy shall be bad. We think, therefore, that serving Persons personally with a copy of the process by the sheriff, is a substantial compliance with the statute, and good personal service of the process upon him. And Persons having been legally served with process, and failing to appear, and Carter's pleas having been withdrawn by

his attorneys, judgment by default was properly entered against them.

The judgment must therefore be affirmed.